UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| POTTER, KEITH D., | ) | Case No. 6:04-bk-01999-KSJ |
| POTTER, TRACY L., | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| GENE T. CHAMBERS, | ) | Adv. Pro. No. 6:04-ap-093 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POTTER, KEITH D., | ) | |
| POTTER, TRACY L., and | ) | |
| POTTER, CATHY | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION
DENYING TRUSTEE'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

This adversary proceeding came on for hearing on October 21, 2004, on the Chapter 7 Trustee's Motion for Partial Summary Judgment (the "Motion") (Doc. No. 13) and the Debtors' Response (the "Response") (Doc. No. 23). On February 25, 2004, the debtors filed a Chapter 7 petition. On their schedules, the debtors claimed as exempt[1] a home they acquired pre-petition using a non-exempt, $300,000 tax refund as a down payment. The issue presented is whether the trustee's

---

[1] The debtors claimed the homestead exemption pursuant to Article X, Section 4(a)(1) of the Florida Constitution and Florida Statute Sections 222.02 and 222.05.

avoidance powers under Bankruptcy Code[2] Sections 544 and 550 and Florida Statute Sections 726.105 and 726.106 permit the trustee to recover the debtors' $300,000 transfer, made shortly before this case was filed, or whether the funds are now shielded by the debtors' homestead exemption. For the reasons discussed below, the Motion is denied.

The parties submitted a joint stipulation of facts (Doc. No. 12) for the court's consideration in connection with the Motion. The stipulation provides, in pertinent part, that the debtors purchased their residence in September, 2002, approximately 18 months prior to filing this bankruptcy case, for approximately $429,000 using a $300,000 tax refund as a down payment. In addition, when the debtors purchased the home, they had in excess of $2 million in debt, they spent the tax refund with the actual intent to hinder, delay, and defraud their creditors, and they were either insolvent or would be insolvent as a result of litigation pending when they made the down payment. Finally, the stipulation provides that the tax refund would not have been exempt from the claims of the debtors' creditors had they not transferred the money into their home.

In the Motion, the trustee argues for summary judgment on either of two legal positions. First, the trustee argues that the Bankruptcy Code's avoidance statutes operate independently of Florida's homestead exemption and that, although the debtors are properly entitled to claim the homestead exemption, the trustee can nevertheless set aside the fraudulent transfer of the tax refund used to purchase the homestead. Under this theory, the debtors would be entitled to exempt, or to keep, only any equity they may have in their home above $300,000. Permitting the debtors to claim the exemption and keep only the equity in excess of $300,000 would, as a practical matter, effectively undo the exemption and force the sale of the debtors' home to satisfy a judgment for the trustee.

---

[2] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

Second, the trustee makes a federal preemption argument that the homestead exemption provided in the Florida Constitution conflicts with the trustee's avoidance powers provided by federal law, specifically, Bankruptcy Code Sections 544 and 550. Under this theory, the trustee argues that the state exemption is preempted and must cede to her federal avoidance powers, thus permitting her to recover the $300,000 fraudulently conveyed by the debtors into their homestead. This scenario also would result in the sale of the debtors' home to satisfy a judgment if the trustee prevailed in an adversary proceeding.

The trustee contends that she is entitled to judgment as a matter of law on either of the two arguments presented above. Pursuant to Federal Rule of Civil Procedure 56, which is applicable under the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. Fitzpatrick v. Schlitz (In re Schlitz), 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing a motion for summary judgment, a party may not simply rest on the pleadings but must demonstrate the existence of elements essential to the non-moving party's case and for which the non-moving party will bear the burden of proof at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (*cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988)). As detailed above, the parties submitted

stipulated facts for the court's consideration in connection with the Motion. Therefore, no material factual disputes exist, and the legal issues presented are ripe for resolution on summary judgment.

When a debtor files a Chapter 7 bankruptcy case, a broad estate is created consisting of all property in which the debtor has a legal or equitable interest as of the date the petition is filed. 11 U.S.C. § 541(d). Under the Bankruptcy Code, a debtor can remove property from his or her estate using exemptions available under either federal or state law. 11 U.S.C. § 522(b); In re Howe, 241 B.R. 242, 245 (Bankr. M.D. Fla. 1999). The state of Florida has opted out of the federal exemptions scheme and requires its residents to claim only those exemptions available under Florida law. Fla. Stat. § 222.20; In re Sutton, 272 B.R. 802, 806 (Bankr. M.D. Fla. 2002).

The Florida Constitution grants Florida residents a homestead exemption in an unlimited dollar amount for residential real property that does not exceed one-half acre inside a municipality. Fla. Const. Art. X, Sect. 4. A debtor's homestead is exempt from the claims of his or her creditors with only three exceptions: "(1) unpaid property taxes on the homestead itself, (2) mortgages for the purchase or improvement of the homestead, and (3) mechanic's liens for work performed on the homestead." In re Hendricks, 237 B.R. 821, 825 (Bankr. M.D. Fla. 1999) (citing Fla. Const. Art. X, Sect. 4; In re Clements, 194 B.R. 923, 925 (Bankr. M.D. Fla. 1996)). Each exception is narrowly construed. Butterworth v. Caggiano, 605 So.2d 56 (Fla. 1992).

In Havoco of Am., Ltd. v. Hill, 197 F.3d 1135 (11th Cir. 1999), the Eleventh Circuit Court of Appeals certified a question to Florida's Supreme Court regarding whether Florida's homestead exemption applied to a homestead where the homestead was acquired by a debtor using non-exempt funds with the specific intent of hindering, delaying, or defrauding his creditors within the meaning of Florida Statute Sections 726.105, 222.29 and 222.30. In

response, the Supreme Court of Florida ruled that the transfer of non-exempt assets into an exempt homestead with the intent to hinder, delay, or defraud creditors would <u>not</u> preclude the exemption. <u>Havoco of Am., Ltd., v. Hill</u>, 790 So.2d 1018, 1028 (Fla. 2001). The Florida Supreme Court explicitly declined to invoke its equitable powers to create a fourth exception in this circumstance in addition to the three clearly detailed in Florida's Constitution.

Still, Florida courts continue to impose equitable liens on a debtor's homestead in appropriate circumstances where ill-gotten monies are directly invested in homestead property. Equally well established, however, is that the circumstances surrounding the imposition of such liens are very limited. <u>See</u> <u>Havoco</u>, 790 So.2d at 1028 ("We have invoked equitable principles to reach beyond the literal language of the exceptions only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead."); <u>Bank Leumi Trust Co. of New York v. Lang</u>, 898 F. Supp. 883 (S.D. Fla. 1995) (citing <u>Butterworth v. Caggiano</u>, 605 So.2d 56, 61 (Fla. 1992) ("Virtually all of the relevant cases [cited by the state where a court … imposes a lien upon the homestead] involve situations that fell within one of the three stated exceptions to the homestead provision. Most of the cases involve equitable liens that were imposed where proceeds from fraud or reprehensible conduct were used to invest in, purchase or improve the homestead.")

Here, the trustee does not dispute the validity of the debtors' homestead exemption *per se* and acknowledges that Florida law permits a debtor to fraudulently transfer non-exempt funds into a homestead and still claim the homestead as exempt. Rather, citing <u>In re Levine</u>, 134 F.3d 1046 (11th Cir. 1998), the trustee posits that the exemption and strong arm provisions are <u>both</u> applicable. The trustee asserts that her strong arm powers permit her to recover the fraudulent transfer, and the debtors' homestead exemption permits them to retain any remaining equity.

In <u>Levine</u>, the Chapter 7 trustee filed a complaint under Florida Statute Section 726.105 to set aside as fraudulent the debtors' pre-petition transfer of approximately $440,000 of non-exempt property into exempt annuity accounts. The Court of Appeals for the Eleventh Circuit ruled, *inter alia*, that Florida Statute Section 726.105 could properly be invoked to challenge whether a transfer of non-exempt assets to exempt assets was fraudulent.[3] <u>Levine</u>, 134 F.3d at 1052. The court noted "the reluctance of Florida courts to interfere with exempt assets," yet acknowledged that it "must be guided by those courts that have relied on the unambiguous language of § 726.105 to set aside transfers from non-exempt to exempt status when such transfers were effected in order to defraud creditors." <u>Levine</u>, 134 F.3d at 1052.

Here, the trustee argues that applying <u>Levine</u> to the stipulated facts should result in a grant of summary judgment in her favor on the issue of whether she may pursue a fraudulent conveyance action against the debtors pursuant to Bankruptcy Code Section 544 and Florida Statute Sections 726.105 and 726.106 to recover the $300,000 transfer for the benefit of the estate. However, <u>Levine</u> differs from the instant case on one dispositive point: the Levines transferred non-exempt property into exempt annuities, while here the debtors transferred non-exempt assets into exempt homestead. Because the nature of the exempt property differs, <u>Levine</u> does not control the outcome of this case.

The Eleventh Circuit Court of Appeals in <u>Levine</u> noted the unique and inviolable nature of the protection given to homestead property under the Florida Constitution and contrasted the special status given to homestead property with that given to other exemptions granted by

---

[3] Specifically, the court found that "there exists an arguable distinction between the act of transferring funds from non-exempt to exempt status and the exempt nature of the transferred funds," and that Florida Statute 726.105 could properly be invoked where "there is an allegation that the transfer itself was fraudulent and should therefore be set aside (as opposed to an allegation that the transfer was fraudulent and the assets therefore should be declared non-exempt)." <u>Levine</u>, 134 F.3d at 1052.

various Florida statutes. The court concluded that parties could avoid transfers into property protected by statutory exemptions, such as the Levines' purchase of annuities, but intimated that a similar result would not lie with homestead property. Indeed, the court stated that "[t]he Levines' citation to precedent regarding the sacred nature of the homestead exemption, while noteworthy, ultimately has little bearing on this case." Levine, 134 F.3d 1046, 1052.

The cases cited by the Levines included Hill v. First Nat'l Bank of Marianna, 79 Fla. 391, 84 So. 190, 193 (1920), in which the Florida Supreme Court held that a forced sale of homestead property was not permitted because to do so "would permit defendants to do indirectly what they are enjoined from doing directly, and thereby defeat the beneficial purpose of the law." See also, Heddon v. Jones, 115 Fla. 19, 154 So. 891, 891-92 (1934); West Fla. Grocery Co., v. Eutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209, 212 (1917) (Homestead protection extends "to any judicial proceedings, of law or in equity, which seek the appropriation of the property to the payment of debts.")

Following this reasoning, the Florida Supreme Court in Havoco explicitly and recently held that the Florida legislature is powerless to affect the rights provided under the homestead exemption through statutory enactments. Havoco, 790 So.2d at 1029 ("The federal courts which have addressed the applicability of section 726.105 to homestead claims have concluded that it has no effect on the constitutionally created homestead exemption.") (citations omitted). Therefore, although a creditor can avoid a transfer to statutorily-created exempt property under Florida Statute Section 726.105, a creditor cannot avoid a transfer into constitutionally-created exempt property, such as homestead. Ergo, statutory exemptions are subject to avoidance pursuant to other Florida statutes; constitutional exemptions are not. See In re Hendricks, 237 B.R. 821, 826 (Bankr. M.D. Fla. 1999) (citing In re Clements, 194 B.R. 923, 925 (Bankr. M.D.

Fla. 1996) ("under the basic rules of construction, statutory laws enacted by the legislative body cannot impair rights given under a constitution. It would take an amendment to the Florida Constitution to restrict the right to homestead exemption. The mere passing of a statute by the Florida Legislature cannot restrict the Florida Constitution.")

As stated earlier, permitting the debtors to claim the homestead as exempt and keep only the equity in excess of $300,000—the equity above and beyond the equity gained as a direct result of the conveyance the parties stipulated was fraudulent—would force the debtors to sell their home to satisfy a favorable judgment for the trustee. Therefore, the trustee's argument that the debtors' homestead exemption and her strong arm avoidance powers apply independently simply fails. In Florida, debtors cannot be forced to sell their homestead to satisfy the claims of creditors outside of the three exceptions detailed in the state's constitution. This is particularly true where, as here, the trustee must rely on avoidance powers provided in Florida's own statutes.

Other than the three exceptions provided in Florida's constitution and the occasional equitable lien[4] imposed on a debtor's home, a debtor's homestead exemption is inviolable. The Florida homestead is afforded protection greater than and unlike any other exempt asset—the exemption is detailed in the state's constitution.[5] The trustee misunderstands the sanctity of homestead protection under Florida law. She cannot indirectly attack the exempt nature of

---

[4] See Havoco, 790 So.2d at 1027-28, listing cases and detailing the circumstances in which debtors have been denied their homestead exemption and where equitable liens have been imposed.

[5] There exists an abundance of case law and other scholarly writings describing the long standing purpose behind this exemption. See, e.g., Butterworth v. Caggiano, 605 So.2d 56, 60 (Fla. 1992) ("The purpose of the homestead exemption has been described broadly as being to protect the family, and to provide for it a refuge from misfortune, without any requirement that the misfortune arise from a financial debt."); Collins v. Collins, 150 Fla. 374, 377, 7 So.2d 443, 444 (1942) ("The purpose of the homestead is to shelter the family and provide it a refuge from the stresses and strains of misfortune.").

homestead property via a fraudulent transfer action when she cannot directly attack the nature of the exemption itself. Florida homestead is protected from creditor claims whether they arise in a direct challenge to the exemption, as in Havoco, or by a fraudulent transfer as asserted here. Creditors may not avoid transfers into homestead property simply because the transfer was fraudulent.

Likewise, the trustee's second argument, that the state's homestead exemption irreconcilably conflicts with the trustee's federal avoidance powers and is therefore preempted, also fails. A Chapter 7 trustee is charged with the administration—the collection and disbursement—of a debtor's assets for the benefit of the debtor's estate creditors. However, the trustee is "not empowered or expected to collect everything the [d]ebtor owns..." (Doc. No. 23, p. 6). Rather, the trustee is empowered by Bankruptcy Code Section 544(a)(2) to avoid transfers that would be voidable under state law by a creditor holding an executed but unsatisfied judgment.

Here, the applicable state laws are Florida Statute Sections 726.105 and 726.106. Under Florida Statute 726.105, a creditor of these debtors, even one holding a judgment, could not avoid the transfer of the debtors' tax refund into their home as a fraudulent transfer. The trustee stands in the same posture as any other judgment creditor. Section 544 allows the trustee to assert state law claims held by a fictional judgment creditor; the statute does not provide greater rights than those of judgment creditors asserting similar claims under state law. Kaufman & Roberts, Inc., v. Gigi Advertising Partnership (In re Kaufman & Roberts, Inc.), 188 B.R. 309, 312 (Bankr. S.D. Fla. 1995).

Bankruptcy Code Section 544(a)(2) supplies the trustee with no additional federal avoidance powers.[6] Rather, the statute relies upon external powers of avoidance provided under state law. The

---

[6] Bankruptcy Code Section 548, on the other hand, does supply federal powers of avoidance.

trustee cannot use Section 544 to create any special federal interest or cause of action. The preemption argument fails. The trustee's strong arm powers to augment the bankruptcy estate under Bankruptcy Code Section 544 do not conflict with the Florida homestead exemption provided by Article X, Section 4 of the Florida Constitution.

Accordingly, despite the fact that the debtors fraudulently converted non-exempt assets into their exempt homestead with the actual intent to hinder, delay, and defraud their creditors, Florida law does not allow the trustee to avoid the transfer. The trustee is not entitled to summary judgment as a matter of law on this issue. The trustee's Motion (Doc. No. 13) is denied. A separate order consistent with this ruling shall be entered.

DONE AND ORDERED on January 18, 2005.

Karen S. Jennemann
United States Bankruptcy Judge